180 P.2d 578

LEWIS et ux. v. FARRAH et al.

No. 4927.

Supreme Court of Arizona.

May 12, 1947.

Hess Seaman, of Phoenix, for appellants.

Clarence E. Lott, of Phoenix, for appellees.

UDALL, Justice.

For the sake of clarity the parties will be referred to as they were in the trial court. The plaintiffs (appellees) are the owners of a two-acre tract of land located outside the corporate limits of the City of Phoenix, in the SE¼ of Sec. 32, Tp. 3 North, Range 3 East. This quadrilateral tract has a 62-foot frontage on North Central Avenue and extends easterly some 1,-800 feet to the right of way of the Arizona Canal. The defendants (appellants) own a five-acre tract of land immediately adjoining the land of plaintiffs to the south. There is a citrus grove upon defendants' land, and the north row of citrus trees is located some three feet south of the true boundary line between said tracts. When plaintiffs acquired their property on September 10, 1945, there was no fence marking the boundary between the properties, but from 1929 to 1940, according to plaintiffs' evidence, there was in existence a small ditch running approximately on the east-west boundary line.

A dispute arose between the parties as to the right of defendants to use a strip of land some ten feet four inches in width, extending from west to east along the entire south boundary of plaintiffs' land. Defendants asserted ownership to this strip claiming title by adverse possession or adverse user (it is not clear which) for a period of more than ten years, during which they asserted that they had adversely and openly used this area in irrigating, culti-

vating, and in picking the citrus fruit from their north row of citrus trees. Furthermore, defendants claimed an easement by prescription to travel with their farm machinery over plaintiffs' driveway along the north line of this tract by adverse user for the statutory period of ten years.

After plaintiffs had procured F. N. Holmquist, a registered civil engineer, to make a survey of their property to establish the true boundary line between their lands and the lands owned by defendants, they erected a two-wire fence on the boundary line thus established. Soon thereafter defendants tore down and removed this fence, and continued to drive upon and use both the driveway and the narrow strip of land herein question, the record title to which was in the plaintiff.

Plaintiffs then brought this action to quiet their title to all lands embraced in the description contained in their deed and to enjoin defendants from trespassing upon their property or using their driveway. Defendants answered claiming an easement as aforesaid, and, by a cross-complaint, sought to establish and quiet their title to said easement of use in and to said disputed area of land.

The case was tried on the merits to the court, without a jury, and judgment was entered in favor of the plaintiffs to all of the lands in question, quieting their title and perpetually enjoining defendants from trespassing upon said premises. Defendants were denied any relief whatsoever upon their cross-complaint. From that judgment defendants have prosecuted this appeal. The sole assignment of error is that defendants claim under the undisputed evidence that they were entitled to have had judgment entered in their favor on their cross-complaint quieting their title to said easements in plaintiffs' property.

Adverse possession is defined by Section 29-107, A.C.A.1939, as follows: "* * * an actual and visible appropriation of the land, commenced and continued under a claim of right inconsistent with and hostile to the claim of another." Hence a claimant relying upon this statute must show such open, notorious, continuous, and visible adverse occupation and use under claim of ownership as would constitute that adverse possession, use, or enjoyment by which either the presumption or the fact of notice and acquiescence upon the part of the title owner would arise to bar his right. Costello v. Muheim, 9 Ariz. 422, 84 P. 906; Glantz v. Gabel, 66 Mont. 134, 212 P. 858; Wallace v. Whitmore, 47 Cal.App. 2d 369, 117 P.2d 926.

The time requirement with respect to either of the claims of defendants is the same. This court in the recent case of Gusheroski v. Lewis, Ariz., 167 P.2d 390, held that the ten-year statute of limitation (sec. 29-103, A.C.A.1939) applied. See also Curtis v. Southern Pacific Co., 39 Ariz. 570, 8 P.2d 1078; Boyd v. Atchison, etc. Ry. Co., 39 Ariz. 154, 4 P.2d 670.

The only case cited in defendants' brief is Gusheroski v. Lewis, supra, upon which

they rely to support their contention that they have here acquired an easement of use by prescription. That case is clearly distinguishable on its facts. There the evidence disclosed and the court found that each party to the suit for more than 10 years had gone upon and used a part of the land of the other in an open, visible, continuous, and unmolested manner. Judgment, therefore, was properly entered subjecting the lands of each of the adverse parties to an easement in favor of the other.

■ The burden was, of course, upon the defendants to prove all of the requirements essential to establishing title by adverse possession or an easement by prescription. The elements necessary to establish each of these are substantially the same, and the rules of law relating to title by adverse possession are, in general, applicable to easements by prescription.

In the case of Phelan v. Drescher, 92 Cal.App. 393, 268 P. 465, 468, the District Court of Appeals of the Third District of California announced the rule of evidence with reference to the burden of proof in adverse possession cases in this language: "There are no equities in favor of one claiming title by adverse possession; he must prove all the necessary elements to establish adverse possession. Glowner v. De Alvarez, 10 Cal.App. 194, 101 P. 432; Janke v. McMahon, 21 Cal.App. 781, 133 P. 21."

■ And so far as easements by prescription are concerned, there is no presumption of easement until the claimant has shown adverse user for the required period of time by clear and positive proof. In 17 Am.Jur., Easements, sec. 73, the applicable rule of evidence is stated as follows: " * * * Evidence of adverse user, in order to establish an easement by prescription, must be clear and positive and should be strictly construed. * * *"

■ Defendant makes only one assignment of error. That is: "that under the undisputed evidence * * * (defendants) were entitled to have judgment * * * establishing an easement of use in an area ten feet four inches in width, north and south, extending along the entire north property line of * * * (defendants') property * * *." No assignment is made in regard to the allegation before the lower court concerning a prescriptive right to the aforementioned roadway.

It is well known that where an assigned error related only to the sufficiency of the evidence to support the findings of the lower court, these findings are conclusive. Zeckendorf v. Johnson, 123 U.S. 617, 8 S. Ct. 261, 31 L.Ed. 277. And if the evidence is conflicting then, in the absence of clear mistake or error, the findings of the trial court foreclose the issue. Morgan v. Krook, 36 Ariz. 133, 283 P. 287; Jacob v. Cherry, 65 Ariz. 307, 180 P.2d 217.

■ In the case at bar the most that can be said for defendant is that the evidence is conflicting. Actually the great weight of evidence supports the contention of plaintiff that there has been no adverse user or

324

possession of the disputed tract for the statutory period. This is the tenor of the testimony of all those employed by defendant himself and his predecessors in interest to cultivate and pick this citrus. In fact, this is disputed only by two relatives of the defendant's wife: one, an occasional winter visitor who recalls seeing the disputed tract used for cultivating in this manner only in 1935; the other, who claims to have, on two or three occasions some 19 years ago, actually cultivated, using this tract. In no case would such isolated instances be enough to establish continuous user or possession. And as to the defendant Clyde E. Lewis' own testimony, his interest and knowledge of the property began in the fall of 1939, since which time the statutory period for adverse possession or user has not elapsed. Judgment affirmed.

STANFORD, C. J., and LaPRADE, J., concurring.