236 P.2d 468

**BALDWIN et ux. v. SHUMWAY et ux.**

No. 5573.

Supreme Court of Arizona.

Oct. 15, 1951.

Norman H. Whiting, of Show Low, for appellants.

W. E. Ferguson, of Holbrook, for appellees.

LA PRADE, Justice.

Appellees filed motion to dismiss the appeal on the ground that the same was not taken within sixty days from the entry of judgment as provided for in Rule 72, as amended, effective April 1, 1950, Sec. 21–1801, A.C.A.1939, Cum.Supp. It appears from the record that judgment was entered on December 7, 1950. On January 31, 1951, appellants (defendants below) filed with the clerk of the court their motion for a new trial on the ground of newly discovered evidence. At the time of filing this motion, they also filed a notice to the effect that they "will present their motion for a new

trial based on an affidavit, copies of which are hereto attached * * * on February 6, 1951." On the day noticed, February 6, appellees (plaintiffs below) filed their objections to the motion for new trial, the objection being on the grounds

"I

"That the motion was not made within ten days after rendition and entry of judgment herein;

"II

"That the leave of the Court was not obtained before the filing of said motion, nor at all, nor has any notice to obtain leave of Court to file such motion been served on Plaintiffs or their attorney, but Defendants filed motion and gave five days' notice without obtaining authority of Court or leave of Court so to do;

"III

"That the Court does not have jurisdiction to entertain at this time a motion or any motion for new trial since the time for appeal given by the law has expired or will expire before notice of motion could be given;"

On February 6, 1951, being the day notice for hearing of the motion for new trial, the court heard same at which time the court reserved its ruling on the objections to the motion and took same under advisement. On April 10, 1951, the court made the following order: " * * * *that the procedure followed by the Defendants was not in accordance with the law in such* cases made and provided, and that the newly discovered evidence upon which Defendants seek a new trial in effect would tend only to contradict or impeach some of the witnesses, and that the newly discovered evidence is in effect accumulative in its character and nature. It Is Hereby Ordered, Adjudged and Decreed that said Motion for a New Trial in said matter be, and the same is, hereby denied." (Emphasis supplied.)

Notice of appeal was filed on June 9, 1951.

By the provisions of Rule 72, as amended, supra, Sec. 21–1801, the time for appeals is extended by a *timely* motion for a new trial and the time for appeal commences to run and is to be computed from the entry of the ruling or order upon a *timely* motion. The time and manner of making motion for new trial is provided in Rule 59(b).

Section 21–1305, A.C.A.1939, reading as follows: "A motion for a new trial shall be served *not later than ten (10) days after the entry of the judgment,* except that a motion for a new trial on the ground of newly-discovered evidence may be made after the expiration of such period and before the expiration of the time for appeal, *with leave of court obtained* on notice and hearing and on a showing of due diligence." (Emphasis supplied.)

In order to determine whether appellants' motion for new trial was timely filed, we have had recourse to Moore's Federal

Practice under the New Rules. In treating this problem under Rule 59(b), we quote from the treatise: " * * * A motion for a new trial (including one based on the ground of newly discovered evidence) can be made as of right, when served not later than 10 days after the entry of the judgment. *After* such period has expired a motion for new trial can be made only on the ground of newly discovered evidence, and then only on leave of court obtained on notice and hearing and on a showing of due diligence. The reason for this limitation is to prevent a motion for new trial to be used in a dilatory manner and for the purpose of extending the time for appeal. The times provided for in Rule 59(b) cannot be enlarged." (p. 3250)

The effect of a motion for new trial or absence thereof on appeal is treated in the same treatise Vol. 3, p. 3251, as follows: "When a motion for new trial is made the appeal time stops running and starts anew when such motion is disposed of. (Citing cases.) But the motion had only such an effect if duly and seasonably filed. (Citing cases.) Since, therefore, the ordinary motion for a new trial must be made not later than ten days after the entry of judgment, its possible dilatory use is extremely limited. The motion for a new trial on the basis of newly discovered evidence made *after* the ten day period presents greater possibilities for dilatory use, however, since it can be duly and seasonably made within appeal time. To prevent a party from possibly doubling appeal time by this device the Committee inserted in the exception to subdivision (b), supra, the requirement that such motion be filed 'with leave of court obtained on notice and hearing and on a showing of due diligence.' In other words, a motion for new trial, *no matter what the basis,* made not later than ten days after the entry of judgment, can be served and filed as of right (citing cases) and automatically stays the running of appeal time. But the motion for a new trial on the ground of newly discovered evidence made *after* the ten day period and within appeal time cannot be served and filed as of right; it can only be made by leave of court after notice and hearing. Only then will it stop the appeal time from running."

We concur in this analysis of the rule. Applying the rule, as thus analyzed and interpreted, to the facts in the instant case, it appears that the motion for new trial was not filed with leave of court after notice and hearing. The defendants filed their motion for new trial as though they had a right to file it. Their notice to the effect that they would present it on February 6, 1951, was also under the theory that they had a right to notice the motion.

Ordinarily the time for appeal would have expired on February 5, 1951 (Judgment, December 7, 1950). The motion for a new trial not having been made within the ten-day period following entry of judgment, it could only have been made "with

leave of court obtained on notice and hearing and on a showing of due diligence" all of which would have had to have occurred before February 6, 1951.

We believe it advisable to point out to the bench and bar that it appears attention must also be given to the time element provided for in Rule 59(c), Sec. 21–1306, if a new trial is sought by motion to be filed with leave of court after the expiration of the ten-day period provided for in Rule 59 (b). Rule 59(c) reads as follows: "When a motion for new trial is based upon affidavits they shall be served with the motion. The opposing party has ten (10) days after such service within which to serve opposing affidavits, which period may be extended for an additional period not exceeding twenty (20) days either by the court for good cause shown or by the parties by written stipulation. The court may permit reply affidavits."

It would appear that if the application for leave to file a motion for a new trial on the ground of newly discovered evidence is supported by affidavits, then the opposing party will have ten days in which to file counter affidavits to the motion. If this procedure is to be followed, then the motion for leave to file must be filed and noticed within sufficient time to give opposing counsel the ten-day period within which to file such affidavits. The period within which counter affidavits may be filed thus shortens the period of time within which the motion for leave to file must be filed. This situation is comparable to the one we discussed in Sweeney v. Winslow Gas Co., 64 Ariz. 51, 165 P.2d 316, where it was pointed out that by Rule 73(g) the record on appeal must be transmitted within forty days from filing notice of appeal, and if the entire record is not designated for transmittal to the Supreme Court then by Rule 75(a) the appellee has ten days within which to serve and file a designation of additional portions of the record. We pointed out that in order not to deprive the appellee of the right to request additional portions of the record within ten days, it was necessary *not* to delay the service of the designation of the record on appeal beyond the thirtieth day after notice of appeal.

By adopting the procedure that defendants did in filing their motion for new trial after the ten-day period had expired without leave of court and getting the court to finally rule on it on April 10, 1951 they have attempted to more than double the time within which an appeal might be taken. To prevent this dilatory device, the rule requires that the trial court must rule upon the motion for leave to file which ruling must be made within the sixty-day period within which an appeal may be perfected. It may be that the appeal period may be extended as where the court grants leave to file a motion for new trial after the ten-day period and within the sixty-day period and then takes some time beyond the sixty-day period within which to rule upon the motion for new trial which was *timely* filed with leave of court.

The motion for new trial in the instant case not having been filed as a matter of right within the ten-day period and having been filed without leave of court within the sixty-day period within which appeals may be taken, it therefore appears that there was no motion for new trial legally filed. No motion for new trial having been filed that could be considered, there was no tolling of the time within which an appeal might have been perfected. It therefore follows that the motion to dismiss is well taken and it is ordered that the appeal be and the same is hereby Dismissed.

UDALL, C. J., and STANFORD, PHELPS and DE CONCINI, JJ., concur.