266 P.2d 390

RAMIREZ et al.   v.   BURRELL et ux.

No. 5716.

Supreme Court of Arizona.

Feb. 8, 1954.

Garcia & Cordova, Phoenix, for appellants.

Udall & Peterson, Safford, for appellees.

PHELPS, Chief Justice.

Plaintiffs-appellants seek to reverse a judgment of the superior court of Graham County refusing to set aside a conveyance by warranty deed to defendants-appellees of certain real property located in that county upon the alleged ground that the name of the grantor, Paublina Ramirez, now deceased, was forged thereto and that said deed is therefore null and void. The parties hereto will be hereinafter referred to as plaintiffs and defendants respectively.

The deed in question in this litigation bears date August 13, 1949, and purports to convey the real property then owned by Paublina Ramirez therein described to defendants. On December 6, 1946, Paublina Ramirez executed her last will and testament bequeathing to plaintiffs a portion of the property described in said deed. It is by virtue of that will that they claim to be entitled to maintain this action which, so far as the records disclose, has not been challenged.

Handwriting experts for both plaintiffs and defendants were called and testified at the trial concerning the question of the genuineness of the signature on the deed. Their testimony was in sharp conflict, the one testifying that the signature of the deceased to the deed was forged and the other that it was genuine, each giving as the reason for his conclusion what would appear to the lay mind as reasonable and logical. The jury found the signature to be genuine. Judgment was entered thereon in favor of defendants.

As will hereinafter appear, one of the grounds for seeking a reversal of the judgment in this case is based upon the alleged misconduct of the jury. Upon plaintiffs' motion for a new trial based in part upon such misconduct both plaintiffs and defendants filed affidavits in the case concerning the alleged facts relating thereto. In support of their charge set up in the motion for a new trial, plaintiffs filed with the trial judge, affidavits of Josie Fajardo who states that she heard parts of a conversation between the juror, Justice, then engaged in the trial of the case, and C. B. Arnold, handwriting expert appearing as a witness for the defendants, and "that said conversation pertained and concerned the exhibits in the case and the signature involved in the case;" the affidavit of Alice Fajardo who stated therein that she heard said conversation and that "said conversation concerned and pertained to the exhibits in the case and the genuineness of the signature on the *question* document;" the affidavit of Mrs. Stella Ramirez in which she stated that she overheard parts of said conversation between said parties and that it "concerned and pertained to the exhibits in evidence in the case and the

validity and genuineness of the signature of the questioned document;" and

" * * * That she heard C. B. Arnold, the witness in the case, explain to the said juror, Mr. M. L. Justice, the exhibits which the said witness had prepared and which the defense had introduced in evidence in the case and that she heard said witness explain to said juror that the standards of Paublina Ramirez's signature were the same as the signature in the questioned document."

Defendants presented the affidavits of the juror, M. L. Justice, the witness, C. B. Arnold, and the bailiff, Moroni Larsen, Sr., who heard the conversation, all of whom stated under oath that the only conversation between Arnold and the juror was to the effect that the juror stated to Arnold that he was engaged in the garage business and received a great many checks in the course of his business and asked Arnold if there was a variation from day to day in the signature of a person in signing checks to which Arnold answered, "That is right"; that Arnold made no further statement; that there was nothing said whatever concerning the issues in the case on trial. Charles Awalt, foreman of the jury, made affidavit to the effect that the juror, M. L. Justice, did not state or mention to the members of the jury during the course of the trial or during the period of deliberation that he had talked to the witness Arnold or gave any indication as to the character of their conversation. The trial judge after hearing argument of counsel based upon said affidavits, denied plaintiffs' motion for a new trial.

Plaintiffs have presented the following assignments of error:

"1.

"The court erred in denying Appellants motion for a new trial for the reason that there was irregularities in the proceedings of the Court and Jury, depriving Appellants of a fair and impartial trial, because of the misconduct of the Jury which tried this case.

"2.

"The Court erred in its decision entering Judgment in favor of the Appellees herein, for the reason that the verdict, decision, findings of fact, and the Judgment and the whole thereof, is not justified by the evidence and is contrary to law.

"3.

"That the Court abused its discretion in entering judgment in favor of the Appellees herein and denying Appellants' motion for a new trial."

Defendants first contend that the assignments of error and each of them fail to meet the requirements of Rule X of this court providing that assignments of error must distinctly specify each ground of error relied upon and the particular ruling complained of. It requires only a cursory examination of assignment of error No. 3 to

reveal that it does not conform with the requirements of that rule. It consists of the bald conclusion that the court abused its discretion in entering judgment, etc., without attempting to specify how or in what particular the court abused its discretion. Assignment No. 2 was abandoned by plaintiffs by express declaration of counsel in his oral argument to the court and by his failure to argue it in his briefs.

This leaves for our consideration only plaintiffs' assignment of error No. 1 based upon the alleged misconduct of the jury, specifically upon the conversation between the juror, M. L. Justice, and the witness Arnold, during the course of the trial.

The affidavits of Josie and Alice Fajardo filed on behalf of plaintiffs in support of their motion for a new trial have but little, if any, probative value in that, as above pointed out, neither affidavit gave the court the benefit of what actually was said. The statement made is a mere conclusion of the affiant and if it had been made upon the witness stand, would have been stricken, as such, upon motion of opposing counsel. The affidavit of Stella Ramirez, daughter-in-law of one of the plaintiffs, does state that she heard Arnold tell the juror "that the standards of Paublina Ramirez's signature were the same as the signature in the questioned document." This, if true, would constitute such misconduct on the part of the juror which, under the law, would be imputed to the entire trial panel and would vitiate the verdict of such jury. Payne v. Burke, 236 App.Div. 527, 260 N.Y.S. 259; Clark v. United States, 289 U.S. 1, 53 S.Ct. 465, 77 L.Ed. 993. However, the defendants in opposition to such motion, presented the affidavits of the juror, the witness and the bailiff, all of whom stated that the only words spoken by the witness Arnold in answer to the query of the juror above set forth were "That is right". In addition to these affidavits the foreman of the jury made an affidavit to the effect that the juror Justice did not, during the trial, or during the deliberations of the jury, inform it or the members thereof that he had talked with the witness Arnold.

The trial court in denying plaintiffs' motion for a new trial had these affidavits before it and as it had a right to do, evidently discredited the statements of affiant Stella Ramirez and unquestionably was convinced from a consideration of all of the affidavits that the incident charged as misconduct did not forestall or prevent a fair and proper consideration of the case by the jury. Under an unbroken line of decisions of this court we are precluded from disturbing the verdict or judgment of a trial court based upon conflicting evidence or to disturb its ruling on a motion for a new trial unless it appears that it has clearly abused its discretion.

A careful analysis of the affidavits upon which the court's denial of plaintiffs' motion for a new trial is based leads us to the conclusion that there was no abuse of discretion in denying said motion and that the

right of the plaintiffs to an unbiased and un-prejudiced jury was not violated thereby.

Judgment affirmed.

STANFORD, LA PRADE, UDALL and WINDES, JJ., concur.