297 P.2d 934

William L. MARTIN, Administrator of the Estate of Lawrence Hix, a/k/a Lawrence Hex, a/k/a Lawrence Heck, Appellant,

v.

Annie CLARK and Eugene Clark, husband and wife, Appellees.

No. 6068.

Supreme Court of Arizona.

May 29, 1956.

Flynn, Stewart & Allen, Phoenix, for appellant.

Hash & Bernstein, Phoenix, for appellees.

PHELPS, Justice.

The plaintiff as guardian of the estate of one Lawrence Hix, aka Lawrence Hex and Lawrence Heck, brought an action against Eugene Clark and Annie Clark, his wife, in April, 1952, in three separate counts. The first count is in the nature of an action to quiet title to real property located in Phoenix. The second count is based upon a quitclaim deed to real property executed and delivered by the plaintiff's ward to defendants in July, 1948 in which plaintiff

"* * * alleges that said execution was obtained during a period when the plaintiff (meaning the ward) was not capable legally of executing same, being incapacitated from so doing by his mental incompetency and that said incompetency was known, or should have been known by these defendants, * * *."

The third count is based upon fraud and duress and alleges:

"That defendants in obtaining the execution of said Quit-Claim Deed by plaintiff (meaning the ward), exercised fraud and duress to such a degree as to deprive plaintiff of intention or will whatsoever, and that said deed does not represent intention or will of this plaintiff, * * * (meaning ward)."

The allegations of the complaint were denied by defendants' answer. The ward was a very elderly man and died in November, 1952. Martin was thereafter appointed administrator of his estate and prosecutes this action as such administrator. The cause was thereafter on September 9 and 10, 1954, tried to the court with-

out a jury. At the close of plaintiff's case, on motion of defendants the third count of plaintiff's complaint was dismissed and at the close of all the evidence, which was in conflict on the question of the mental competency of the ward, the court took the matter under advisement and thereafter rendered judgment for defendants.

Plaintiff has appealed from the judgment of the trial court, from an order denying his motion for a new trial entered on December 2, 1954, and from an order denying his motion for a new trial based on newly discovered evidence entered January 18, 1955, and has presented the following assignments of error:

## I

The trial court erred in dismissing the third cause of action of plaintiff's complaint at the close of plaintiff's case in chief.

## II

The trial court erred in that findings of fact are contrary to the weight of the evidence.

## III

The trial court erred in entering judgment for the defendants on November 3, 1954.

## IV

The trial court erred in denying plaintiff's motion for a new trial on December 28, 1954, in that the decision and judgment is not justified by the evidence and is contrary to law.

## V

The trial court erred in denying plaintiff's motion for a new trial based upon newly discovered evidence on January 18, 1955, in that the trial court abused its discretion.

Defendants have raised the question of the sufficiency of the assignments of error under the requirements of Rule 10 of this court (now Rule 5(c), 1956), requiring that each assignment of error must distinctly specify each ground of error relied upon and the particular ruling complained of.

It is difficult for the court to understand why counsel continue to completely ignore this rule in view of the numerous decisions rendered by the court declaring that assignments such as presented in the instant case will not be considered by the court. There appears to have been not the slightest effort made in this case to conform with the above rule. It is hard to believe that counsel is not familiar with the rule. Such practice results in nothing beneficial to counsel but on the other hand does result in a great waste of time. It does an injustice to the client if the claim is meritorious and it imposes an unnecessary burden upon this court which it can ill afford to shoulder, when working under pressure as it has been doing for some time as a result of an ever increasing number of appeals each year.

In *Tidwell v. Riggs*, 70 Ariz. 417, 222 P. 2d 795, Justice Udall, in writing the opinion for the court set out haec verba the assignments of error therein presented (very similar to the assignments in the instant case) and the provisions of Rule 10 and painstakingly informed the Bar what would be the result of failure to comply with the rule. He made it plain that the grounds of error relied upon must appear in the assignment itself and stated that argument in the brief cannot take the place of proper assignments.

In that case he cited twenty decisions of this court on the subject since *Thornburg v. Frye*, 44 Ariz. 282, 36 P.2d 548, wherein prior decisions on the rule were collated. An examination of these two cases alone should convince the average mind that we intend to enforce the rule so long as it is retained. See also *Meloy v. Saint Paul Mercury Indemnity Co.*, 72 Ariz. 406, 236 P.2d 732.

The first three assignments indicate that no attempt whatever was made to conform with the rule. They close with the mere statement that the court erred.

Assignment IV states as a ground relied upon that "the decision and judgment is not justified by the evidence and is contrary to law." This identical language has been rejected by this court upon the ground that it does not meet the requirements of the above rule. *Merryman v. Sears*, 50 Ariz. 412, 72 P.2d 943.

Counsel for defendants point out that assignment No. V is equally as faulty as the others because it cannot be gathered from the assignment in what manner the court abused its discretion. Even the motion for a new trial which cannot be used to supply the deficiency of an assignment of error did not disclose to the court any information as to what Doctor McIntyre would have testified upon a new trial and there is certainly nothing in the record that would enable this court to determine whether the trial court did or did not abuse its discretion in denying plaintiff's motion for a new trial based upon newly discovered evidence. See *Ramirez v. Burrell*, 77 Ariz. 1, 266 P.2d 390.

It is further pointed out to the court that plaintiff also ignored Rule 59(b), section 21–1305, A.C.A.1939 (now Rule 59(d), Rules of Civil Procedure 1956), which provides that a motion for a new trial on the grounds of newly discovered evidence may be made after the expiration of the prescribed period and before the expiration of the date for appeal *with leave of court obtained on notice and hearing and on a showing of due diligence.* He asserts that plaintiff did not obtain such leave of court and cites *Baldwin v. Shumway*, 72 Ariz. 399, 236 P.2d 468, authored by Justice LaPrade to the effect that under the above circumstances said motion could not be served as a matter of right; that unless leave of court was first obtained such a motion did not extend the date of appeal beyond the 60-day period from the date

judgment was entered. The court declines to consider the assignments for the reasons above stated.

Judgment affirmed.

LA PRADE, C. J., and UDALL, WINDES, and STRUCKMEYER, concurring.