·409 P.2d 735

Dorrity E. BUSBY and Shirley K. Busby,
his wife, Appellants,

v.

The STATE of Arizona ex rel. Justin
HERMAN, Director Arizona High-
way Department, Appellee.*

2 CA–CIV 47.

Court of Appeals of Arizona.

Jan. 18, 1966.

Rehearings Denied April 6, 1966.

* This appeal was filed with the Arizona Supreme Court and assigned that Court's No. 7806. The matter was referred to this Court pursuant to § 12–120.23 A.R.S.

**452**

Dowdall, Harris & Brown, by Ray C. Brown, Tucson, for appellants.

Darrell F. Smith, Atty. Gen., Phoenix, Robert S. Tullar, Tucson, Sp. Asst. Atty. Gen., for appellee.

HATHAWAY, Judge.

Dorrity E. Busby and Shirley K. Busby, husband and wife, appeal from an order of the superior court, Pima county, denying their motion for a new trial after entry of judgment in their favor on a jury verdict of $2,260 for realty parcels taken by the State. The sole issue submitted to the jury was the amount of compensation to be paid to the defendant property owners.

The trial court instructed the jury, in substance, that the parcels involved had no access to the highway and the jury was not to consider access rights in determining the fair market value of the property.

The Busbys owned three parcels of property, two of which abutted on the east side of the Casa Grande-Tucson Highway and one abutted on the west side of the highway. The larger east side parcel also abutted on 33d Street and the west side parcel abutted both on 34th Street and 12th Avenue. For purposes of the Tucson Freeway project the State sought to acquire by condemnation proceedings both east side parcels and a triangular-shaped segment of the west side parcel which abutted on the highway. The remaining segment of the west side property on which the Busbys had constructed a residence abutted on 34th Street and 12th Avenue. The east side parcels consisted of unimproved vacant land. By earlier condemnation proceedings in 1949, the State had acquired all of the unimproved lots on the east side of the highway except the two parcels involved here.

The principal question involved in this appeal is whether the Busbys had access rights to the highway from all or any of the three parcels involved which should have been considered in assessing damages. We shall consider the properties in their relation to the highway and hereinafter refer to the two east side parcels as the "east

---

property" and the west side parcel as the "west property."

## EAST PROPERTY

An abutting property owner to a highway has an easement of ingress and egress to and from his property which constitutes a property right compensable by the State when taken for public use. State ex rel. Morrison v. Thelberg, 87 Ariz. 318, 324, 350 P.2d 988 (1960). The State's position in the court below was that the east property's easement of egress and ingress had been extinguished by adverse possession. Adverse possession, as defined in A.R.S. § 12–521, means an actual and visible appropriation of the land, commenced and continued under a claim of right inconsistent with and hostile to the claim of another.

An easement, whether acquired through grant, adverse use, or as an abutter's right, may be extinguished by the owner of the servient tenement by acts adverse to the exercise of the easement for the period required to give title to land by adverse possession. Popovich v. O'Neal, 219 Cal.App.2d 553, 33 Cal.Rptr. 317, 319 (1963). In this jurisdiction the limitations period is ten years. A.R.S. § 12–526, sub-sec. A. The act relied upon by the State as adverse to the Busbys' exercise of their access easement is the erection of a fence along the right-of-way, thereby obstructing the access of the east property to the highway. The burden, however, of proving the acquisition of the easement by adverse possession lay with the State. Fritts v. Ericson, 87 Ariz. 227, 230, 349 P.2d 1107 (1960); Lewis v. Farrah, 65 Ariz. 320, 323, 180 P.2d 578 (1947).

The sole evidence adduced at trial concerning this question of adverse possession is the following testimony:

State's witness:

"Q. Since 1949, do you know whether or not there has been a fence running along the existing right-of-way line in front of those two pieces of property * * * ?

A. I believe there has been a fence.

Q. To your knowledge, has that fence been there continuously since '49?

A. To the best of my knowledge.

Q. Have you or to your knowledge the Arizona Highway Department had any complaint from anyone about the existence of that fence along there?

A. Not that I know of."

Mrs. Busby, on direct examination:

"Q. Was there a fence along here between the property and the Freeway?

A. After they finished the Freeway.

Q. They put up a fence there?

A. Put a fence."

And on cross-examination:

"Q. And at that time they put up the fence along the right-of-way, running from 34th past both pieces, and that fence has been there ever since?

A. Yes."

The trial court obviously resolved the issue of adverse possession in the State's favor as indicated by its instruction to the jury that, as a matter of law, the east property had no access to the highway. We believe this was error as the State failed to prove all of the essential elements of adverse possession. Such possession cannot be made out by inference, but only by clear and positive proof. Lewis v. Farrah, supra; Kraus v. Griswold, 232 Cal.App.2d 698, 43 Cal.Rptr. 139, 147 (1965). All presumptions being in favor of the easement owner, we hold that the quantum of proof was insufficient to establish loss of the Busbys' access rights by adverse possession. Since the east property was unimproved the Busbys would have no reason to utilize the easement, a fortiori since they had egress and ingress to inspect the property via 33d Street. In fact the existence of a fence along the right of way would afford protection from trespassers, a decided advantage to an absentee property owner.

■ The proof offered by the State merely indicates a period of nonuser of the easement. Even if it were conceded that a continuous period of nonuser has been shown, the evidence fails to establish that the obstruction of the easement by the State during that period was hostile and adverse to the Busbys. To constitute a bar, it devolved upon the State to show by clear, positive and unequivocal evidence that their use of the easement was inconsistent with and antagonistic to the Busbys' right. Lewis v. Farrah, supra; La Rue v. Kosich, 66 Ariz. 299, 303, 187 P.2d 642 (1947); See also Kurz v. Blume, 407 Ill. 383, 95 N.E.2d 338, 25 A.L.R.2d 1258 (1950).

## WEST PROPERTY

In 1949, the Busbys' predecessor in interest conveyed to the State of Arizona a portion of the west parcel for highway use, retaining the portion which is the west property involved in the instant case. The deed, recorded in 1949, contained the following recital:

"The consideration herein expressed shall be in full compensation for the land conveyed and also for any loss, damage, injury or inconvenience accruing or resulting, or which may hereafter accrue or result to the Grantor, his successors or assigns, or damages to any remaining abutting properties, by reason of the construction of a public highway.

"It is further understood and agreed the consideration received by the Grantor is also in full payment and this instrument transfers, assigns and conveys all permanent impairment or obstruction of any easements, public utilities service, right of access or right of ingress and egress to the highway from the abutting properties remaining in possession of the Grantor."

■ In 1956, the west property was conveyed to the Busbys, subject to, inter alia, the above restriction of record. The Busbys concede that the right of access to the highway had been transferred to the State by the 1949 conveyance. They contend, however, that the property had a right of access to 34th Street which included the right of passage to the highway. Since the construction of the Freeway would create a cul de sac at the east end of 34th Street, the Busbys argue that they were entitled to have the jury consider as an element of damages the impairment of the access right to 34th Street. We cannot agree.

The 1949 deed from the Busbys' predecessor in interest is clear and unambiguous. The consideration therein expressed included compensation for any damages subsequently accruing to the west property by reason of the construction of a public highway. The deed by reason of the above quoted provisions estopped the grantor from claiming damages resulting from changes in the establishment and construction of the highway. State v. Lindley, Tex. Civ.App., 133 S.W.2d 802, 804 (1939). Mr. and Mrs. Busby, purchasers with notice of the restriction in favor of the State, are likewise estopped and the State was relieved of further liability for payment of additional compensation for damages resulting from highway construction. See Muse v. Mississippi State Highway Commission, 233 Miss. 694, 103 So.2d 839, 848 (1958); Hamilton v. City of Bismarck, 71 N.D. 321, 300 N.W. 631, 634 (1941); 29A C.J.S. Eminent Domain § 207.

■ The judgment entered for the Busbys was for a total sum of $2,260 without indicating the compensation allocable to the individual properties. The jury's verdict, however, which is part of the record on appeal, sets forth the damages as follows:

"1. For the taking of Parcel No. 1 (Smaller Eastside property), $89.00.

"2. For the taking of Parcel No. 2 (Larger Eastside property), $800.00.

"3. For the taking of a portion of Parcel No. 3 (a portion of Westside property) $1,371.00.

"4. Severance damages, if any, to the remainder of Parcel No. 3 (Remainder of Westside property) $ 0.

Accordingly, the trial court is ordered to set aside the judgment and to enter a new judgment against the State of Arizona in favor of the defendant property owners for the sum of $1,371, the amount of damages for the taking of the west property. It is further ordered that a new trial be granted with respect to the east property in conformity with this opinion.

ANTHONY T. DEDDENS and WILLIAM C. FREY, Superior Court Judges, concur.

NOTE: Judges Herbert F. Krucker and John F. Molloy having requested that they be relieved from consideration of this matter, Judges Anthony T. Deddens and William. C. Frey, Judges of Superior Court, Cochise County and Pima County, respectively, were called to sit in their stead and participate in the determination of this decision.