420 P.2d 173

Dorrity E. BUSBY and Shirley K. Busby, his wife, Appellants,

v.

The STATE of Arizona ex rel. Justin HERMAN, Director of Arizona Highway Department, Appellee.

No. 7806–PR.

Supreme Court of Arizona.

In Banc.

Nov. 3, 1966.

Rehearing Denied Dec. 6, 1966.

Houston & Brown, Tucson, for petitioners-appellants.

Darrell F. Smith, Atty. Gen., by Robert S. Tullar, Sp. Asst. Atty. Gen., for respondent-appellee.

UDALL, Justice.

This petition for review was accepted to review a decision of the Court of Appeals, Div. 2, 2 Ariz.App. 451, 409 P.2d 735.

Appellants [petitioners Dorrity E. Busby and Shirley K. Busby, husband and wife] appealed from an order of the Superior Court of Pima County denying their motion for new trial after entry of judgment in their favor for parcels of realty taken by the state. The issue submitted to the jury by the trial court was the amount of compensation to be paid the defendant property owners. The trial court instructed the jury that the parcels involved had no access to the highway and that the jury was not to consider access rights in determining the fair market value of the property.

The trial court charged the jury, in part, as follows:

"In this case, in determining the fair market value of the defendants' property, you are instructed that as a matter of law the defendants' property did not have any access to the Tucson Freeway by way of 34th Street or the alley adjoining the property on the south.

"You are further instructed that the East boundary of defendants' property never had direct access to the Tucson Freeway."

We have accepted review of petitioners' Busby claim that the State of Arizona destroyed part of the access rights to 34th Street, a street on which some of their "West" property abutted [as shown by the attached map], by placing a fence along the

highway, thus closing off the east end of 34th Street and creating what amounts to a cul-de-sac.

We have also accepted review of Arizona State Highway Department's petition for rehearing on the grounds that the State Highway Department, by construction of a fence in 1949 across appellants' property and maintenance of the fence on the east side of the highway between the highway right of way and property of petitioners, established adverse possession for a period of more than ten years, and therefore any claim of the appellants is barred by the prescriptive right gained by the state of Arizona to any rights of ingress or egress that petitioners might have had as it related to the property on the east side.

The principal issue before the court is, did the court correctly instruct the jury that petitioners had not sustained any damage for loss of access from any of the parcels of land involved in the action?

This issue is divided into two parts: the first pertains to the two pieces of property on the east side of the freeway; the second pertains to the property on the west side. This Court will first consider the issues raised in reference to the property situated on the east side.

The State contends the undisputed evidence shows that since 1949 a fence has been maintained by the State across petitioners' property located on the east side of the freeway and that this fence completely deprived the property of access to the freeway. Petitioner Shirley K. Busby testified in regard to this matter, as follows:

"Q In 1949 the State of Arizona condemned for that freeway and took some of the lots in their entirety and left you these pieces?

"A Yes.

"Q And you were paid in full for that, were you not?

"A They paid us, yes.

"Q And at that time they put up the fence along the right of way run-

ning from 34th past both pieces, and that fence has been there ever since?

"A Yes."

It is clear that this testimony pertained to "both pieces" on the east side of the freeway. This conclusion is further sustained by the testimony on the previous page of the transcript where Mrs. Busby, in answer to the question: "You folks bought these lots on the east side of the road about 1946 or so? Does that sound about right?", answered: "I think that sounds about right."

■ The condemnation action in this proceeding was commenced on April 28, 1961, more than ten years after the fence was constructed by the State, and after the State had condemned the land for the freeway. Section 12–526, A.R.S., provides for a ten-year limitation of action when a right in real property is taken by adverse possession. This is also the applicable statute of limitations pertaining to condemnation actions. The conduct of the prior owner and the petitioners show that during this entire period of time the right of ingress and egress from the lots on the east, to the freeway right of way, that had been acquired by the State, had been cut off. Therefore petitioners have lost any rights they may have had for access to the freeway from the east property, and they are barred by the prescriptive right gained by the State of Arizona.

The action of the State in enclosing the right-of-way with the fence and the acquiescence by the petitioners shows that the right of access to the freeway for ingress or egress from the east has been extinguished by the State. Maricopa County Municipal Water Conservation Dist. No. 1 v. Warford, 69 Ariz. 1, 206 P.2d 1168; Long v. City of Tulsa, 199 Okl. 217, 184 P.2d 800

■ It should be noted that prior to 1949 a highway did not exist in the area now occupied by the freeway, and that the freeway is entirely a new highway. The Court is not dealing with the creation of

a control access highway which is being built over the old, conventional highway. Therefore, there can be no loss of access rights where a highway did not previously exist. State v. McDonald, 88 Ariz. 1, 352 P.2d 343. The establishment of a new control access highway does not deprive a property owner of the right of access and he is not entitled to compensation for a claimed taking of a right that never existed. Lehman v. Iowa State Highway Commission, 251 Iowa 77, 99 N.W.2d 404; Morris v. Mississippi State Highway Commission, 240 Miss. 783, 129 So.2d 367. See also the Arizona case, State ex rel. Morrison v. Thelberg, 87 Ariz. 318, 350 P.2d 988.

We are of the opinion the trial court correctly held that petitioners did not have any access rights to the freeway from the east property.

### West Property

Petitioners contend the property had a right of access to 34th Street which included the right of passage to the Casa Grande-Tucson highway which had never been conveyed to the state. Petitioners claim they were entitled to have the jury consider, as an element of damages, the impairment of their access right to 34th Street. The possibility of the jury considering this was withdrawn by the above-quoted charge of the trial court.

In 1949, the predecessors in interest of the Busbys conveyed to the State of Arizona a portion of the west parcel of their lands for highway use, and retained the portion which constitutes the west property involved in the instant case. The deed recorded in 1949 contains the following recitals:

"The consideration herein expressed shall be in full compensation for the land conveyed and also for any loss, damage, injury or inconvenience accruing or resulting, or which may hereafter accrue or result to the Grantor, his successors or assigns, or damages to any remaining abutting properties, by reason of the construction of a public highway.

"It is further understood and agreed the consideration received by the Grantor is also in full payment and this instrument transfers, assigns and conveys all permanent impairment or obstruction of any easements, public utilities service, right of access or right of ingress and egress to the highway from the abutting properties remaining in possession of the Grantor."

The Busbys, while admitting that the right of access to the highway had been transferred to the state in 1949, contend the property had a right of access from their property abutting on 34th Street, which included the right of passage to the east, to the highway, and the Busbys assert they were entitled to have the jury consider, as an element of damage the impairment of the access right to the property situated on 34th Street along the right-of-way. It is clear that a provision is made in the deed that not only did the state of Arizona obtain the land included within the right-of-way from the Busbys' predecessors in interest—but also it was expressly provided that the grantor had received full compensation for the land conveyed and also for any loss, *damage, injury or inconvenience accruing or resulting, or which may hereafter accrue or result to the grantor, his successors or assigns.*

It is a contention of the State that the recitals in the deed show the grantors were fully compensated for any accruing damage or injury, or inconvenience to the remaining property abutting 34th Street; and also for any right of access or right of ingress and egress to the highway from abutting properties remaining in the possession of the grantors.

The Busbys contend the paragraph in the deed which shows that compensation had been given for loss, damage or injury, or inconvenience accruing or resulting, referred only to noise, dust and other similar inconveniences and damages resulting to the grantors by reason of the construction of the public highway. Since Busbys had free access to the Casa Grande-Tucson

highway via 12th Avenue, the main loss, if any, to them would be the inconvenience of having to go a longer distance to get onto the highway rather than the more direct route of access to the highway from 34th Street. The noise, dust, and other irritations, if any, might be considered as a nuisance, but the only inconvenience to the Busbys was that they had to go a more circuitous route to find access to the highway than they did prior to the time the fence was constructed which closed off the east end of 34th Street.

In 1956, the West property was conveyed to the Busbys, subject to the provisions of the deed given to the State of Arizona by their predecessors in interest. The Busbys admit the right of access to the highway was conveyed to the State by the deed given in 1949 by their predecessors in interest; they contend, however, that the property had a right of access to 34th Street which included the right of passage to the highway. Since the construction of the freeway and the building of a fence across 34th Street did create a cul-de-sac at the east end of 34th Street, the Busbys argue that they were entitled to have the jury consider, as an element of damage, the impairment of the access right to 34th Street. With this contention we disagree.

The deed given to Busbys' predecessors in interest was clear and unambiguous. It expressly included any damages subsequently accruing to the West property by reason of the construction of a public highway. The Busbys' predecessors in interest, by their deed, waived any prospective rights to additional compensation. Agardy v. Borough of Pleasant Hills, 394 Pa. 350, 147 A.2d 366; Morton v. State, 104 N.H. 134, 181 A.2d 831; Denny v. Wilson County, 198 Tenn. 677, 281 S.W.2d 671; State v. Lindley, Tex.Civ.App., 133 S.W.2d 802.

The Busbys purchased the property located on 34th Street in Tucson, Arizona, with notice of the restrictions in favor of the State of Arizona that had been granted by their predecessors in interest; they are therefore estopped, and the State is relieved of any further liability for the payment of additional compensation for damage resulting by reason of the impairment or closing, by the State, of the access right to 34th Street which included the access of a passageway on 34th Street to the highway. Muse v. Mississippi State Highway Commission, 233 Miss. 694, 103 So.2d 839, 848; and Hamilton v. City of Bismarck, 71 N.D. 321, 300 N.W. 631, 634; 29A C.J.S. Eminent Domain § 207; State v. Lindley, supra.

The judgment of the Court of Appeals is set aside and the judgment of the trial court is reinstated.

It is further ordered that the order for a new trial, granted by the Court of Appeals, is vacated.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and LOCKWOOD and McFARLAND, JJ., concur.