In re Kenneth PARKER, Debtor.

Estate of Ella M. Parker, Appellant,

v.

Sedona Golf Resort, L.C., Appellee.

No. 04–16962.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 20, 2006.

Filed Nov. 2, 2006.

Charles Hulstrand, Esq., Hulstrand & Goodale PC, Mesa, AZ, for Appellant.

Steven N. Berger, Esq., Engelman & Berger, William Charles Thomson, III, Esq., Gallagher & Kennedy, P.A., Phoenix, AZ, for Appellee.

Before: O'CONNOR, Associate Justice, Retired,* and RYMER, and THOMAS, Circuit Judges.

## MEMORANDUM **

The Estate of Ella Parker ("Estate") appeals a district court decision affirming the bankruptcy court's ruling quieting title to a piece of property ("the road") in Sedona, Arizona in favor of Parker's opponent, Sedona Golf Resort ("the Resort"). We affirm. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

### I

■ The bankruptcy court did not err in concluding that Ella Parker did not acquire an interest in the road through foreclosure on Kenneth Parker's shares of stock in the Ridge at Sedona, Inc. ("RSI").

---

* The Honorable Sandra Day O'Connor, Associate Justice of the United States Supreme Court (Ret.), sitting by designation pursuant to 28 U.S.C. § 294(a).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

The Estate argues that when RSI's corporate charter was revoked in 1990, all its assets, as a matter of law, devolved to its shareholders, which included Kenneth Parker who owned 70 percent of RSI. The Estate further asserts that Ella Parker acquired Kenneth Parker's stock in 1991 when she foreclosed on a lien.

The bankruptcy court correctly concluded that, under Arizona law, the assets of the corporation are not automatically transferred to its shareholders upon mere involuntary revocation of the corporate charter. Indeed, Arizona law permits corporations whose charters have been revoked to continue to take action to protect the assets of the corporation. *Goldfield Mines, Inc. v. Darrell G. Hand*, 147 Ariz. 498, 711 P.2d 637, 642 (1985). Under Arizona law applicable during the relevant period, additional formal procedural steps were required for the transfer of corporate assets to the shareholders. *See* Ariz.Rev. Stat. Ann. § 10–102 (West 1990) ("In proceedings to liquidate the assets and business of a corporation, when the costs and expenses of such proceedings and all debts, obligations and liabilities of the corporation shall have been paid and discharged, and all remaining property and assets distributed to shareholders ... the court shall enter a judgment dissolving the corporation").

There is nothing in the record to indicate that the proper procedural steps were followed. In fact, the record shows that the allegedly dissolved corporation filed a voluntary petition in bankruptcy in its own name and right *after* the date RSI allegedly dissolved. Given the factual record, the bankruptcy court correctly concluded that title to the RSI assets, including RSI's interest in the road, had not transferred to Kenneth Parker by operation of law.

■ Further, the bankruptcy court properly concluded that the Estate had not established that Ella Parker had acquired by lien foreclosure whatever individual interest Kenneth Parker had in the road. There is no documentary evidence of any lien of record, or of a lien foreclosure. The only evidence tendered was oral testimony from Kenneth Parker, which the bankruptcy court had the discretion to reject.

■ The Estate contends that the bankruptcy court erred in placing an affirmative burden of proof on it to show ownership of the road. However, in a quiet title action, each party bears the burden of establishing its affirmative title claims in order to quiet title in its favor. *See, e.g., Lewis v. Farrah*, 65 Ariz. 320, 180 P.2d 578, 579 (1947).

II

■ The bankruptcy court did not abuse its discretion in declining to apply the doctrine of judicial estoppel against the Resort. The Resort gained no "unfair advantage" from advancing the position that the Rodriguez deed of trust resulted from mutual mistake, *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 783 (9th Cir.2001), because the Arizona Supreme Court rejected its private plat dedication theory, resulting in the district court's reversal of the bankruptcy court's initial grant of summary judgment. When a party advances a position that is ultimately rejected on appeal, that party may advance an alternative theory in future proceedings with no "risk of inconsistent court determinations." *New Edge Network, Inc. v. F.C.C.*, 461 F.3d 1105, 1114 (9th Cir. 2006) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 751, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001)). It was therefore not an abuse of discretion for the bankruptcy court to allow Sedona Golf to pursue a theory of ownership based on record title

after its initial private plat dedication theory failed.

### III

■ In the end, the bankruptcy court properly held that the presumption created by the Resort's holding of record title was sufficient to quiet title to the road. The district court correctly affirmed this holding.

**AFFIRMED.**