16019

ZINNERMAN v. WILLIAMS *ET AL.*
(45 S. E. (2d) 597)

*Messrs. McDonald & McGowan,* of Florence, for Appellant,

*Messrs. Willcox, Hardee, Houck & Palmer,* of Florence, for Respondents.

December 8, 1947.

BAKER, CJ.: Appellant instituted this action on July 15, 1946, to recover possession of a lot and a house which had been practically rebuilt thereon in the town of Timmonsville, Florence County. The house was occupied by Sammie Phillips as the tenant of the respondent, Frank Williams.

The answer of the respondent, Frank Williams, sets up that he had been in possession of the premises either personally or by his tenants for more than ten consecutive years immediately preceding the institution of the action by the appellant, claiming them as his own: He relies upon the right of ownership and possession of the premises by adverse possession. It is further alleged in his answer that he purchased the premises from Sam J. Cole as the agent of his wife, Mrs. Pearl I. Cole, and obtained a paper from him giving to him (Frank Williams) the right to own and possess the premises absolutely and unconditionally.

After all evidence was presented, Judge Grimball, on motion of the respondents, directed a verdict for the respondent, Frank Williams, on the ground that no other reasonable inference could be drawn from all the testimony than that Frank Williams had been in the possession of the premises involved adversely for more than ten years immediately preceding the institution of this action.

Appellant prosecutes an appeal to this Court upon six exceptions, but condenses them in his printed argument to four questions reading as follows:

"1. Did the respondent, Frank Williams, establish adverse possession of the property in question for the full statutory period of ten years?

"2. Did not the doubtful nature and indefiniteness of respondents' testimony as to the possession of the property from 1934 to 1941 require that the issue of adverse possession be submitted to the jury?

"3. Was not the testimony of respondents' witness, Drexel Lane, purely hearsay testimony and thereby inadmissible?

"4. Was not the respondent, Frank Williams' testimony as to transactions with Sam J. Cole inadmissible under the statute, because of the death of Sam J. Cole in 1941?"

If there is any testimony from which a reasonable inference can be drawn that the respondent, Frank Williams, was not in the adverse possession of the premises for ten consecutive years immediately preceding the commencement of this action, then the trial Judge was in error in granting the motion for direction of verdict, and the case should be remanded for another trial.

The testimony (and exhibits) stated favorably for appellant shows:

In 1926 appellant acquired by deed from one, Moses Frederick, the premises here involved, and occupied them until some time in 1927 when his wife died. In 1930 he moved to Danville, Va., where he has resided ever since. Neither the appellant nor any member of his family occupied the premises since 1927, although appellant testified he had tenants on the premises for about four years thereafter. On sales day in December, 1931, the property was sold for taxes. On July 6, 1934, a deed was made by the Delinquent Tax Collector of Florence County to the Forfeited Land Commissioner of said County, and on the 9th day of July, 1934, the Forfeited Land Commissioner conveyed the premises to Mrs. Pearl I. Cole, the consideration expressed in the deed being $5.00. Sam J. Cole (now deceased), the husband of

the grantee, handled the purchase. Mrs. Cole testified that she did not know that she ever held title to the property until in 1944.

In September, 1934, Frank Williams purchased the premises from Mrs. Cole through her agent and husband, Sam J. Cole, who was Chief of Police of the town of Timmonsville. Mr. Cole in addition to "running the Town", particularly in the eyes of the colored residents of Timmonsville, collected rent for himself and others. Frank Williams went into possession immediately after his purchase and made extensive repairs to the dwelling house, which had become in bad state of repair and uninhabitable. After repairs were made and in the fall of 1935, or before, one, Johnnie Daniels, moved in the house as the tenant of Frank Williams and remained there as such tenant for six or seven years; and after he moved out Frank Williams moved in, and then when he moved out, Sammie Phillips moved in as his tenant, and has been occupying the house and premises ever since.

Appellant introduced in evidence upon the trial of the case a book of Sam J. Cole and in his handwriting showing that he collected rent for the premises from Johnnie Daniels and Henry Daniels. The only year date appearing on the account book is March 22, 1941. It appears that he collected rent from these parties for about two years. Mr. Cole died in May, 1941. The uncontradicted testimony of Frank Williams and Johnnie Daniels is that Mr. Cole collected the rent from the latter for Frank Williams, and that Johnnie Daniels and Henry Daniels were the tenants of Williams and not of Mrs. Cole.

Appellant contends that the fact that Mr. Cole collected rent for the premises is some evidence tending to show that for at least two years prior to March, 1941, Frank Williams was not in possession by tenant or otherwise. We cannot agree with this line of argument in the face of the uncontradicted testimony above referred to that Mr. Cole collected the rent as the agent of Frank Wil-

liams and not for his wife; and that the collection of this rent was turned over to Mr. Cole after Johnnie Daniels had quit working for Williams, and Williams was having trouble collecting his rent.

The only other testimony on which the appellant relies in contending that the trial Judge committed error in granting the motion of the respondents for a direction of verdict, is the testimony of J. T. Thomas. This witness, in substance, stated that he knew the property; that the appellant was in possession of it in 1927, and about 1928; that Sam Phillips lives there now, and that Frank Williams lived there before then and that when he got in possession he did some work on the house, but as to how much he did not know. The witness did say that the work he referred to was done about 1940 or 1941, but when pressed as to the date when the work was done, stated that he could not be positive. It is clear to us that the witness did not know or remember when the house was repaired nor when Frank Williams went into possession of the premises. Certainly no reasonable inference can be drawn from this testimony that Frank Williams did not go into possession of the premises prior to 1940 or 1941.

Appellant relies chiefly on the case of *Thomas v. Dempsey,* 53 S. C. 216, 31 S. E. 231, and argues that where a person has a deed to real estate, it is presumption of his ownership; and that such presumption in the face of evidence of adverse possession raises an issuable fact to submit to the jury. The cited case (*Thomas v. Dempsey*) is not authority for this position, and neither are any of the other cases cited by appellant in his brief. The *Thomas-Dempsey case* establishes the principle that a party, in order to acquire title to real estate by adverse possession, must show such possession by clear and convincing evidence.

Under our view of the entire record in this case, the respondent, Frank Williams, established by clear and convincing evidence, and from which no other rea-

sonable inference can be drawn, that he acquired the premises in question in the fall of 1934, and has been in the continuous, hostile and adverse possession of same since then.

The only reasonable inference to be drawn from the testimony in the case being that the respondent, Frank Williams, had acquired title to the premises in dispute by adverse possession for more than ten consecutive years prior to the commencement of this action, it follows that the trial Judge did not err in granting the respondents' motion for a direction of verdict.

Appellant has apparently abandoned Nos. 3 and 4 of his stated "Questions Involved". Therefore, we will not discuss same. It may not be amiss, however, to state that in our opinion, the testimony of Frank Williams did not impinge on Section 692 of the Code. See *Wolfe v. Brannon,* S. C., 44 S. E. (2d) 833.

All exceptions are overruled, and the judgment affirmed.

FISHBURNE, STUKES, TAYLOR and OXNER, JJ., concur.