No. 40,665

Ervin G. Miller, *Plaintiff-Appellee*, v. Broce-O'Dell Concrete Products, Inc.; C. H. Chalmers and J. T. Borton, a partnership, d/b/a Chalmers-Borton Contractors; The Dodge City Co-operative Exchange, *Defendant*, Chalmers-Borton Contractors, *Appellant*.

(318 P. 2d 1072)

Opinion filed December 7, 1957.

*George R. Gould,* of Dodge City, argued the cause, and *George Gould, Jr.,* and *Bradley Post,* both of Dodge City, were with him on the briefs for the appellant.

*Keith M. Wilcox,* of Sublette, argued the cause, and *Winston W. Wolvington,* of Denver, Colo., was with him on the briefs for the appellee.

The opinion of the court was delivered by

Robb, J.: This is an appeal by one of the defendants in an action for negligence from an order of the trial court overruling defendant's demurrer to plaintiff's petition and first amended petition. For clarity, we shall refer to Chalmers-Borton Contractors singly as the defendant because the partnership of C. H. Chalmers and J. T. Borton, doing business as Chalmers-Borton Contractors, is the only appealing party notwithstanding the fact the trial court in its journal entry made orders affecting pleadings of Broce-O'Dell Concrete Products, Incorporated, and the Dodge City Co-operative Exchange.

The petition stated that on March 27, 1954, at 11:00 a. m. while plaintiff was an employee and general superintendent of J. T. McDowell and Sons, general construction contractors, (hereafter referred to as McDowell) who were then building a grain elevator at Ford, Kansas, plaintiff was looking for extra men to employ on the McDowell job at Ford and he went to Dodge City where defendant, Chalmers-Borton, was constructing some storage bins for the Dodge City Co-operative Exchange. Broce-O'Dell Concrete Products, Incorporated, was taking part in the construction of the storage bins. (Other allegations about relationships and control of the parties at Dodge City are not here stated because they are not material.) Upon arriving at the Chalmers-Borton job plaintiff contacted its superintendent, Mr. Henry Wolfe, and after a short conversation with Mr. Wolfe, plaintiff, in company with and under the direction of Mr. Wolfe as to the route, accompanied him across the premises of the Dodge City Co-operative Exchange to the new construction. As they passed by a paving machine owned and operated by Broce-O'Dell, plaintiff was struck on the left side of his head and back by the loading bucket of the paving machine and was severely injured. The remaining allegations of damages are not of concern here and will not be repeated.

The petition was filed on March 10, 1956, which was more than one year but was less than two years after the accident.

On March 26, 1956, a motion was lodged to make the petition definite and certain in the following particulars:

1. Whether McDowell, plaintiff's employer, was operating under the Kansas workmen's compensation laws at the time of his injuries.

2. Whether plaintiff had drawn workmen's compensation.

3. What amount of compensation he had received or would receive.

4. If compensation had been paid by an insurance carrier, the name and address of the carrier.

5. Whether plaintiff's employer McDowell had any interest in the case.

(Ground 6 is not material here and will not be set out.)

On March 27, 1956, which was still within the two years, plaintiff filed his first amended petition wherein, after repleading the allegations of his petition, he further alleged:

"For his further cause of action, plaintiff alleges that on the 27th day of March, 1954, his employer, J. T. McDowell & Sons, was operating under the Workmen's Compensation Laws of the State of Kansas; that Lumbermen's Mutual Casualty Company of Chicago, Illinois, was the Workmen's Compensation insurance carrier of said J. T. McDowell & Sons on said date; that, under

the terms of its insurance contract, said Lumbermen's Mutual Casualty Company paid to this plaintiff a total of $956.00 for medical and hospital bills, and a total of $9,479.88 as compensation under the Kansas Workmen's Compensation Act; that said Lumbermen's Mutual Casualty Company has an interest in this action in its own right in the total sum of $10,435.88; that the plaintiff has an interest in this action in his own right in the sum of $67,032.12, as alleged above."

In its journal entry entered on April 6, 1956, the trial court found that all of defendant's motion to make definite and certain had been complied with except paragraph No. 5 so that the pleading did not disclose any interest of McDowell or that McDowell was represented personally or by counsel.

On April 25, 1956, defendant interposed a demurrer on the particular ground that both the petition and first amended petition showed on their face that the action was barred by the statute of limitations.

On July 20, 1956, a second amended petition was filed, which read as follows:

"That this action is brought in the name of said Ervin G. Miller by his employer, J. T. McDowell & Sons on behalf of said Ervin G. Miller, said J. T. McDowell & Sons and said Lumbermen's Mutual Casualty Company, as their interests may appear under the statutory assignment as provided by section 44-504, Kansas General Statutes, 1949, as amended."

On January 11, 1957, the trial court in its journal entry, among other things, overruled the demurrer and a subsequent motion for new trial (not reflected in the record) filed by defendant.

It is apparent on the face of the petition and from the filing date of the petition that the action was not filed within one year after the date of the accident and the cause of action had, by operation of law (G. S. 1949, 44-504) been assigned to and could only be brought by McDowell in its name, or in the name of plaintiff for McDowell's benefit, as their interest may have appeared, or if McDowell failed to bring the action, McDowell's workmen's compensation insurance carrier, if it had paid compensation, could, in the manner prescribed, have maintained the action. (*Erb v. Atchison, T. & S. F. Rly. Co.*, 180 Kan. 60, 299 P. 2d 35.)

For a more complete analysis of a situation similar to the one presented herein, attention is directed to the case of *Wise v. Morgan-Mack Motor Co.*, 173 Kan. 372, 246 P. 2d 308, where the action was instituted jointly by the injured workman and his employer's work-

men's compensation insurance carrier. The court there referred to the pertinent provisions of G. S. 1949, 44-532, which read:

"Where the payment of compensation of the workman, or his dependents, is insured, by a policy or policies, at the expense of the employer, the insurer shall be subrogated to the rights and duties under this act of the employer so far as appropriate."

See, also, *Lumbermens Mut. Cas. Co. v. Dodge City Cement Pr. Co.*, 88 F. Supp. 643, 645.

Later in *Sundgren v. Topeka Transportation Co.*, 178 Kan. 83, 283 P. 2d 444, it was stated that under G. S. 1949, 44-504 there is a community of interest as between the employee and employer in actions against a negligent third party. There is but one cause of action and it belongs either to the employee or the employer or his insurance carrier. (p. 87.) In the Sundgren case it was further said,

"It has been a long standing rule of this court that where a petition alleges a cause of action but does so imperfectly and with insufficient detail, and the additional allegations of an amended petition are only an enlargement and amplification of the averments of the original by setting out more definitely that which was previously imperfectly pleaded and do not set up a new cause of action, the fact that the statute of limitations has run when the amended petition is filed is not a bar to recovery, for in such a case the amended petition relates back to the date of filing of the original one. [Citations] Moreover, the amended petition did not set up a new cause of action but merely tended to show the proper party plaintiff. This could be shown by amending the original petition, and such amendment would relate back to the commencement of the action so as to bar the statute from running in favor of the defendant." (p. 89.)

In other words under the facts of this case, an action could be maintained only by the employee during the first year after the date of the accident; if the employee failed to file an action during the first year, the cause of action was automatically assigned to the employer, who, since compensation was paid to the employee, could then file an action in its name or in the name of the employee, as their interest may appear; if the employer failed to so act since its workmen's compensation insurance carrier had made payments to the employee on behalf of the employer under its policy of insurance, then the insurance carrier could maintain an action in its name, or the name of the employee, as their interest may appear. The action by the employer or its insurance carrier could only be filed during the second year after the date of the accident.

The allegation in the first amended petition filed within the two

year period sets out the interests of the parties and under the rule of the Sundgren case, the second amended petition merely tended to show the proper plaintiff and related back to the first amended petition so as to bar the statute of limitations from running in favor of the defendant. The result is we can only conclude the trial court did not err in overruling defendant's demurrer and its judgment is affirmed.

It is so ordered.

Price, J., dissents.

Hall, J., not participating.