OWENS et al,
*Respondents,*

*v.*

BARTRUFF et al,
*Appellants.*

(No. 79-11-133, CA A20622)

650 P2d 155

Gerald R. Pullen, Portland, argued the cause and filed
the brief for appellants.

James C. Tait, Oregon City, argued the cause for respondents. With him on the brief was Canning, Tait & McKenzie, P.C., Portland.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

WARREN, J.

**WARREN, J.**

This is a declaratory judgment proceeding to determine the rights of the parties in a certain parcel of land. The trial court found that plaintiffs were the fee simple owners of the property in question, except for a small portion that defendants had acquired by adverse possession. Defendants appeal.

The property involved here includes lots 6, 7, 8, 9 and 10, block 8, Cedar Fir Park. Sometime before March, 1961, the highway fronting the Zig-Zag Inn was widened, and the building, which had originally stood on lots 6 and 7, was moved back so that it encroached about 33 feet onto lots 8 and 9. In March, 1961, defendants' predecessors entered into a contract to buy the Inn from plaintiffs. The purchasers believed that they were buying all five lots; however, the contract provided only for the sale of lots 6 and 7.[1]

In 1978, defendants discovered lots 8, 9 and 10 were not included in the contract or subsequent deed. In what appears to be an attempt at a self-help reformation, a new deed was drafted by defendants' attorney, that included lots 8, 9 and 10.[2] It was signed by Mr. Owens, but his wife, a tenant by the entirety, refused to sign. The Owenses then brought this action, asking to be declared the owners of lots 8, 9 and 10. Defendants counterclaimed, alleging that they were the owners of the property by adverse possession.

Originally, the trial court found that there had been a mutual mistake by the parties and that defendants were entitled to reformation. Plaintiffs objected on the grounds that reformation had not been pleaded. The trial court agreed. It then found that defendants' relief was limited to adverse possession, which had not been proved, except for that portion of lots 8 and 9 on which the Inn building stood, and entered the judgment described above.

---

[1] It is reasonable to assume that plaintiffs had intended to sell and defendants' predecessors had intended to buy at least the Inn building and its appurtenances.

[2] According to Mr. Owens, who signed the deed, defendants' attorney told him a new deed was necessary because defendants had lost their original deed. It was not pointed out to Owens that the new deed included three lots not included in the original.

On *de novo* review, we conclude that defendants have established ownership of lots 8, 9 and 10 by adverse possession.

When the Inn was sold in 1961, a propane tank servicing the Inn was located on lot 8, as was its drainfield that covered a large portion of the lot. In 1963, defendants' predecessors permitted an employee to place a 10 by 50-foot house trailer on lots 8 and 9. Defendants later purchased the house trailer, which they removed about 1968. In addition, a garage used by defendants and their predecessors for storage since 1961 was located on lots 8 and 9 and has now been connected to the Inn building by a covered walkway. A septic tank servicing the Inn was located on lot 9 from 1961 to the present.

From 1961 to 1974, a cabin located on lot 10 was used by defendants or their predecessors as a dwelling for themselves, then as a rental and later for storage until it was razed in 1974. In 1969, defendants permitted a 20 by 24-foot A-frame to be constructed on lots 6 and 10 for use by a realtor who later sold the A-frame to defendants. In 1977, defendants placed on lots 8 and 9 a 60 by 24-foot house trailer surrounded by a 12-foot deck in which they now live. There is also evidence that defendants cleared and landscaped the lots and that their children used part of the area as a playground.

In addition to those uses of the land, defendants or their immediate predecessors have paid the taxes on all five lots since they purchased from plaintiffs in 1961. While payment of taxes is not conclusive on the question of adverse possession, it is substantial and persuasive evidence of a claim of ownership when carried on continuously for a long period. *Knecht v. Spake,* 218 Or 601, 612, 346 P2d 98 (1959).

Plaintiffs argue that, despite payment of the taxes, defendants have failed to show the continuous occupation required for adverse possession. To establish ownership by adverse possession, a party must show occupation or use of the land that would be made by the owner of such property for the statutory period. *Allison v. Shepherd,* 285 Or 447, 591 P2d 735 (1979); *Lee v. Hanson,* 282 Or 371, 578 P2d 784 (1978). Defendants have shown that.

We find that defendants' use of the property as described above, coupled with the payment of taxes, was open, notorious, continuous, exclusive, under claim of right for more than ten years and sufficient to establish their ownership of lots 8, 9 and 10 by adverse possession.

Because of our decision, we need not address defendants' assignments of error relating to reformation of the contract and deed.

Reversed and remanded for entry of a decree that defendants are owners of lots 8, 9 and 10, block 8, Cedar Fir Park.