Mary Jane CURRAN, individually and as Executrix for the Estate of Thomas E. Curran, Jr., and The Parrish Company, Appellants,

v.

James L. MOUNT and Helen R. Mount, Appellees.

No. 6139.

Supreme Court of Alaska.

Dec. 3, 1982.

Robert M. Libbey, Anchorage, for appellants.

Clem H. Stephenson, Fairbanks, for appellees.

Before BURKE, C.J., RABINOWITZ, CONNOR and COMPTON, JJ., and DIMOND, Senior Justice.*

OPINION

CONNOR, Justice.

This appeal arises from a quiet title action involving claims of fraud and adverse possession. The property in dispute is a part of Block 95, Original Townsite of Fairbanks. A diagram of the area is set out below.

* Dimond, Senior Justice, sitting by assignment made pursuant to article IV, section 11, of the Constitution of Alaska and Alaska R.Admin.P. 23(a).

The record owner of Lots 6, 7A and 7B is appellant, The Parrish Company, successor in interest to appellants Mary Jane Curran and Estate of Thomas E. Curran, Jr. (All of the appellants will hereafter be referred to as "Curran").

From the mid-1930s to 1973, Simeon Bulavski was the record owner of Lot 8. In 1973, appellees James and Helen Mount purchased a parcel of land from Bulavski, described in the deed as Lot 8. Bulavski later signed two "correcting" deeds which described the property as including portions of Lots 6, 7A and 7B, and all of lot 7C.

On July 14, 1976, Curran brought suit to eject the Mounts and others from Lots 6, 7A and 7B.[1] By counterclaim, the Mounts sought to quiet title in their favor to portions of Lots 6, 7A and 7B and all of 7C, alleging ownership of the property either because of a surveyor's error or by adverse possession.

On July 23, 1979, the trial court granted partial summary judgment in favor of Curran as to Lot 7A. This judgment is the subject of the appeal and petition for rehearing in *Mount v. Curran,* 631 P.2d 496 (Alaska 1981).

The record owners of Lot 7C are Thomas and Mary Flood, the residents of the house located on Lot 6 and former named defendants in this case. Because the suit was dismissed as to them, the ownership of Lot 7C was not an issue at trial and is not an issue on appeal. Thus, the only property in dispute here is the westerly portion of Lot 7B and a very small portion of Lot 6.

The case went to trial on November 13, 1979, on the issues of adverse possession and surveyor's error. At trial, Curran also sought to introduce evidence of fraud in the transaction between Bulavski and the Mounts. After an extensive offer of proof, the court orally ruled that the evidence was

1. Curran stipulated to the dismissal, with prejudice, of the claims against all of the named

defendants other than the Mounts.

inadmissible because fraud had not been affirmatively pleaded by Curran.

On January 4, 1980, the trial court entered judgment based on its findings of fact and conclusions of law. The court quieted title to the disputed property in favor of the Mounts, concluding that their predecessor in interest had acquired title by adverse possession and under the doctrine of agreed boundaries. The court further found that there was insufficient evidence to support the Mounts' claims of surveyor's error [2] and actual or constructive fraud. This appeal followed.

■ A preliminary issue is whether Curran has standing to assert fraud in the Bulavski-Mounts transaction.[3] In *Moore v. State*, 553 P.2d 8, 23 (Alaska 1976), we stated that "[w]hether a party has standing to obtain judicial resolution of a controversy depends on whether the party has a sufficient personal stake in the outcome of the controversy." Here, Curran has no personal stake in the resolution of the fraud claim. Bulavski's title, if any, to the disputed property was acquired long before the transaction with the Mounts. And, if fraud were found, either the title to the property would revert to Bulavski (not to Curran) or the Mounts would retain title but be liable for damages to Bulavski. Thus, Curran lacks standing to assert fraud in the transaction between Bulavski and the Mounts and we need not discuss the merits of the fraud issue. Therefore, the superior court's decision on this issue is affirmed, but not on the grounds stated by the court.

■ In challenging the lower court's disposition of the adverse possession issue, Curran urges this court to adopt the "clear and convincing evidence"[4] standard of proof for adverse possession cases rather than a mere preponderance of the evidence. This appears to be the prevailing rule in other jurisdictions.[5] We hereby adopt that more stringent standard because of our desire to foster reliance on record title and enhance marketability.[6] A party claiming

---

2. The Mounts do not challenge this finding on appeal.

3. Counsel for the Mounts raised the standing issue at trial, but the trial judge did not rule on it.

4. We have stated the difference between the clear and convincing standard and the preponderance standard as follows:

   "Where one has the burden of proving asserted facts by a preponderance of the evidence, he must induce a belief in the minds of the jurors that the asserted facts are probably true. If clear and convincing proof is required, there must be induced a belief that the truth of the asserted facts is highly probable."

   *Saxton v. Harris*, 395 P.2d 71, 72 (Alaska 1964).

5. The following courts have explicitly adopted the clear and convincing (or an analogous) standard in adverse possession cases: *Calhoun v. Smith*, 387 So.2d 821 (Ala.1980); *Busby v. State*, 2 Ariz.App. 451, 409 P.2d 735 (1966) rev'd on other grounds, 101 Ariz. 388, 420 P.2d 173 (1966); *Nutting v. Herman Timber Co.*, 214 Cal.App.2d 650, 29 Cal.Rptr. 754 (1963); *Howey v. Eshe*, 168 Colo. 568, 452 P.2d 393 (1969); *Wadsworth Realty Co. v. Sundberg*, 165 Conn. 457, 338 A.2d 470 (1973); *Grant v. Strickland*, 385 So.2d 1123 (Fla.App.1980); *Lai v. Kukahiko*, 58 Hawaii 362, 569 P.2d 352 (1977); *Aldape v. State*, 98 Idaho 912, 575 P.2d 891 (1978); *Klingel v. Kehrer*, 81 Ill.App.3d 431, 36 Ill.Dec. 719, 401 N.E.2d 560 (1980); *Piel v. DeWitt*, 170 Ind.App. 63, 351 N.E.2d 48 (1976); *Moffitt v. Future Assurance Associates, Inc.*, 258 Iowa 1160, 140 N.W.2d 108 (1966); *Boese v. Crane*, 182 Kan. 77, 324 P.2d 188 (1958); *Department of Parks v. Stephens*, 407 S.W.2d 711 (Ky. 1966); *Caywood v. Department of Natural Resources*, 71 Mich.App. 322, 248 N.W.2d 253 (1976); *SSM Inv. v. Siemers*, 291 N.W.2d 383 (Minn.1980); *Horton v. Gentry*, 357 Mo. 694, 210 S.W.2d 72 (1948); *Meyers v. Pavalkis*, 73 N.J.Super. 208, 179 A.2d 534, 535 (N.J.App. 1962); *Birtrong v. Coronado Building Corp.*, 90 N.M. 670, 568 P.2d 196 (1977); *Van Valkenburgh v. Lutz*, 304 N.Y. 95, 106 N.E.2d 28 (1952); *Hodny v. Hoyt*, 243 N.W.2d 350 (N.D. 1976); *Sears v. Department of Wildlife Conservation*, 549 P.2d 1211 (Okl.1976); *Lee v. Hansen*, 282 Or. 371, 578 P.2d 784 (1978); *Stevenson v. Stein*, 412 Pa. 478, 195 A.2d 268 (1963); *Zinnerman v. Williams*, 211 S.C. 382, 45 S.E.2d 597 (1947); *Bartels v. Anaconda Co.*, 304 N.W.2d 108 (S.D.1981); *Matthews v. W.T. Freeman Co.*, 191 Va. 385, 60 S.E.2d 909 (1950); and *Allie v. Russo*, 88 Wis.2d 334, 276 N.W.2d 730 (Wis.1979).

6. This court previously has adopted the clear and convincing standard in several other property contexts where documentary evidence is lacking: *Jackson v. White*, 556 P.2d 530, 534 (Alaska 1976) (oral contract for sale of land); *Hamerly v. Denton*, 359 P.2d 121, 125 (Alaska

title to real property by adverse possession must bear the burden of proving each element by clear and convincing evidence.

The superior court's findings of fact and conclusion of law do not indicate what standard of proof it used. Accordingly, we remand the case to the superior court with instructions that the trial judge indicate what standard of proof he applied. In the event that the clear and convincing evidence standard was not applied, he shall review the evidence and advise whether he would have resolved the issues differently by applying that standard. If so, he shall file amended findings of fact and conclusions of law, along with an appropriate judgment.

Pending the superior court's compliance with our order on remand, we shall retain jurisdiction of this matter. Thereafter, the adverse possession claim will be disposed of on its merits. In the event of any change in the superior court's decision, the parties may apply for leave to file supplemental briefs.

One final issue deserves very brief mention. The superior court also concluded that the Mounts acquired title to the disputed property under the doctrine of agreed boundaries because of a longstanding acceptance of the fence as the boundary line by plaintiffs' and defendants' predecessors. This issue was never raised before or during trial. Moreover, there is nothing in the record that would support such a conclusion. The superior court's decision on this issue was error.

· AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings in conformity with this opinion.

MATTHEWS, J., not participating.

1961) (dedication of a public way); *Roberts v. Jaeger,* 5 Alaska 190, 192–93 (D.Alaska 1914)

(prescriptive easement).