672 P.2d 1304 (1983)
In the Matter of O.S.D., an incapacitated person.
No. 7041.
Supreme Court of Alaska.
October 14, 1983.
Donald L. Surgeon, Alaska Legal Services Corp., Anchorage, for appellant.
Karl L. Walter, Jr., Anchorage, for appellee.
Jeffrey L. Jessee, Anchorage, for amicus curiae, Protection and Advocacy For The Developmentally Disabled.
Before BURKE, C.J., RABINOWITZ, MATTHEWS and COMPTON, JJ., and COOKE, Superior Court Judge.[*]

*1305 OPINION
BURKE, Chief Justice.
This is an appeal from a guardianship decree.
O.S.D. is a 72 year old widow with three adult children. O.S.D. also has a brother, O.S., age 66. On February 22, 1982, O.S. filed a petition to appoint a full guardian for O.S.D., seeking to have himself appointed. On May 7, 1982, O.S.D.'s son, M.D., age 48, filed a petition, seeking to have himself appointed as guardian for O.S.D.[1]
The superior court appointed counsel to represent O.S.D., at O.S.D.'s expense. AS 13.26.106(b). The court also appointed an expert to investigate the issue of her incapacity, and appointed a visitor to arrange for evaluations of O.S.D. and to prepare a written report for the court. AS 13.26.106(c).
Hearings were held before a probate master, and a Master's Report was issued on June 9, 1982. The Master's Report made numerous findings and concluded that O.S.D. needed a full guardian;[2] that O.S. should be appointed as guardian; and that O.S.D. should be placed in the Pioneer Home.[3] O.S.D.'s son, M.D., objected to the report but the superior court issued an order confirming the Master's Report, and an order appointing O.S. as guardian. O.S.D.'s attorneys subsequently filed a motion to require the state to pay O.S.D.'s costs and attorney's fees. The superior court denied the motion. O.S.D., through new counsel, appeals all of these orders.

I. STANDARD OF PROOF
O.S.D. first contends that the superior court applied an inappropriate standard of proof in finding that she is in need of a full guardian. AS 13.26.113, which sets out the requirements that must be met before a court can appoint a full guardian, provides in pertinent part:
(a) At the hearing scheduled under AS 13.26.106, the respondent has the right to
(1) present evidence on his own behalf;
(2) cross-examine witnesses who testify against him;
... .
(b) The burden of proof by clear and convincing evidence is upon the petitioner, and a determination of incapacity shall be made before consideration of proper disposition.
... .
(f) If it is found that the respondent is totally without capacity to care for himself and that a combination of alternatives to guardianship and the appointment of a partial guardian is not feasible or adequate to meet the needs of the respondent, the court may appoint a full guardian.
AS 13.26.113 (emphasis added). Thus, a "clear and convincing" evidence standard of proof applies to the capacity determination.
Appellant contends that the same standard also applies to the determination of whether there exist sufficient alternatives to full guardianship. Appellee, on the other hand, argues that the clear and convincing evidence standard found in section 113(b) should be read in conjunction with section 113(a), which sets out the rights of the respondent at the hearing on the issue of incapacity. Appellee concludes that the clear and convincing evidence standard stated in section 113(b) applies only to the capacity determination.
*1306 The stated purpose and basis for appointment of a guardian under the new guardianship statute is as follows:
Guardianship for an incapacitated person shall be used only as is necessary to promote and protect the well-being of the person, shall be designed to encourage the development of maximum self-reliance and independence of the person, and shall be ordered only to the extent necessitated by the person's actual mental and physical limitations. An incapacitated person for whom a guardian has been appointed is not presumed to be incompetent and retains all legal and civil rights except those which have been expressly limited by court order or have been specifically granted to the guardian by the court.
AS 13.26.090. We believe that, in light of this strong policy of restraint, the clear and convincing evidence standard stated in section 113(b) applies to any determination which may lead to the imposition of guardianship. We must, therefore, inquire as to whether the superior court applied this standard in finding that O.S.D. is in need of a full guardian.
In the superior court's order confirming the Master's Report, the court summarily adopted the Master's findings and conclusions.[4] The only reference in the report regarding the standard of proof is as follows:
I believe the evidence is clear and I am convinced that the respondent is impaired to the extent she can no longer provide for herself the essentials needed for her physical health and safety.
Thus, although it is apparent that the master applied the clear and convincing evidence standard to the capacity determination, it is unclear whether the master applied the same standard to the determination of whether there existed adequate alternatives to full guardianship. Accordingly, we must remand the case to the superior court for a determination of what standard of proof was applied below and, "[i]n the event that the clear and convincing evidence standard was not applied, [the court] shall review the evidence and advise whether [it] would have resolved the issues differently..." Curran v. Mount, 657 P.2d 389, 392 (Alaska 1982); see also Alaska R.Civ.P. 52(a) ("In all actions tried upon the facts without a jury ..., the court shall find the facts specially and state separately its conclusions of law thereon... .").
Appellant also contends that the superior court erred by not applying the clear and convincing evidence standard of proof to the dispositional phase of the guardianship proceeding, which is delineated in AS 13.26.116. However, the only reference to a standard of proof found in section 116 is as follows:
The court may not assign a duty or power to a guardian unless the need for it has been proven to the satisfaction of the court and no less restrictive alternative or combination of alternatives is sufficient to satisfy the need.
AS 13.26.116(c) (emphasis added). We believe that by choosing this language, the legislature rejected the application of the clear and convincing standard of proof in the dispositional phase of the guardianship proceeding. Thus, the superior court did not apply an improper standard of proof in reaching its findings under AS 13.26.116.[5]

*1307 II. ATTORNEY'S FEES
O.S.D.'s court appointed attorneys[6] filed a motion requesting that the state pay O.S.D.'s attorney's fees and costs pursuant to AS 13.26.131, which provides in part:
(b) Subject to (c) ..., the respondent shall bear the costs of the attorney appointed under AS 13.26.106(b)... .
(c) The state shall pay all or part of the costs described in (b) of this section if the court finds that the payment is necessary to prevent the respondent from suffering financial hardship or from becoming dependent upon a government agency or a private person or agency.
The superior court denied the motion without comment. Since the superior court did not enter any findings on this issue, as appears to be required by AS 13.26.131(a), a remand to obtain this information is also required.[7]
REMANDED for further proceedings consistent with this opinion.[8]
MOORE, J., not participating.
NOTES
[*] Cooke, Superior Court Judge, sitting by assignment made pursuant to Article IV, section 16, of the Constitution of Alaska.
[1] AS 13.26.145(d) establishes priorities among potential guardians. These priorities, however, "are not binding, and the court shall select the person, association, or nonprofit corporation that is best qualified and willing to serve [as guardian]." AS 13.26.145(e).
[2] O.S.D., as noted in the text, is 72 years of age. There is testimony that she is often confused and unable to care for herself. On occasion, she has been observed inadequately dressed, wandering about in a disoriented state. Her condition, apparently, is permanent and will progressively worsen with time.
[3] O.S.D.'s preference was that she be allowed to continue living in her home. The master considered this, as required by AS 13.26.116(b)(3)(A), but recommended other arrangements.
[4] Appellant contends that incorporation of the Master's Report in the superior court's order is inadequate. However, Civil Rule 52(a) states that "[t]he findings of a master, to the extent the court adopts them, shall be considered as the findings of the court."
[5] AS 13.26.116(b) states that in the guardianship plan, the court shall specify the authority that the guardian has with regard to particular needs of the ward, which are listed in the statute. Although the plan recommended in the Master's Report, which was adopted by the superior court, does specify the authority of the guardian with regard to some of the items listed in the statute, it does not do so with all of them. Therefore, if the superior court finds that O.S.D. is in need of a guardian, it should develop a more specific guardian plan. That plan should include a discussion of what factors the court considered in granting authority to the guardian in regard to the ward's housing arrangements. AS 13.26.116(b)(3).
[6] Appellant O.S.D. contends that she was deprived of her constitutional right to effective assistance of counsel, and of her right to zealous advocacy under AS 13.26.111 during the proceedings below. After reviewing the record below, we find no merit to appellant's claim.
[7] Appellant contends that O.S. improperly billed his costs and attorney's fees to O.S.D. However, since there was no motion made below regarding this event, the matter is not properly before us. Alaska R.App.P. 202(a); AS 22.05.010.
[8] We decline to review the other issues in this case until the superior court informs us that it would still have ordered full guardianship under the clear and convincing evidence standard. In this event, the court should also provide a more specific finding that there are no sufficient alternatives to full guardianship. Alaska R.Civ.P. 52(a). Pending further action by the trial court, we retain jurisdiction.