Shirley M. SMITH, Appellant,

v.

Patricia M. KREBS, Appellee.

No. S-2775.

Supreme Court of Alaska.

Jan. 27, 1989.

Terrence H. Thorgaard, Fairbanks, for appellant.

---

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

## OPINION

RABINOWITZ, Justice.

## I. FACTUAL BACKGROUND.

In 1954, Bob and Patricia Krebs purchased Tract A, a parcel of land near Delta Junction. A gravel driveway was already in place at that time. In 1960, Everett and Theta Musgrove purchased an adjoining tract of land described as Lot 8. Sometime in 1960, Bob Krebs and Everett Musgrove built a meathouse on a portion of Lot 8. The ownership of this portion ("the disputed parcel") is now in dispute. In 1967, the Krebses made additional improvements, including a lawn and a smokehouse, on the disputed parcel. In 1972, Howard and Shirley Smith purchased Lot 8, which the Musgroves had sold in 1966, and which had been sold again in 1969.

In 1987, Patricia Krebs [1] (Krebs) filed a quiet title action to obtain record title to the disputed parcel, which she claimed she had adversely possessed since 1954. Shirley Smith [2] (Smith) answered and counterclaimed for damages based on trespass and nuisance.

Both Smith and Krebs subsequently filed motions for summary judgment. After hearing oral argument on the motions, the superior court issued an opinion which, in effect, granted summary judgment in favor of Krebs as to the portion of the disputed parcel encompassed by the driveway and the lawn. However, the court determined that it could not then decide the question of the ownership of the remainder of the disputed parcel because there was inadequate proof as to whether or not it was "openly and exclusively used." This area consisted of land where the meathouse and smokehouse were situated.

Next, the court appointed a special master, who determined that the area Krebs had adversely possessed extended all the way to the boundaries she had proposed. The superior court then entered a final judgment giving Krebs ownership of the entire claimed portion of Lot 8. Smith appealed.

## II. DID THE TRIAL COURT ERR IN GRANTING SUMMARY JUDGMENT TO PLAINTIFF KREBS ON THE ISSUE OF ADVERSE POSSESSION?

In order to acquire title by adverse possession, the claimant must prove, by clear and convincing evidence, *Curran v. Mount*, 657 P.2d 389, 391–92 (Alaska 1982), that for the statutory period "his use of the land was continuous, open and notorious, exclusive and hostile to the true owner." *Hubbard v. Curtiss*, 684 P.2d 842, 848 (Alaska 1984). The statutory period in this case is ten years.[3]

The central issue in this appeal concerns the appropriateness of the superior court's grant of summary judgment to Krebs on the basis that she had established all of the required elements of adverse possession as to the disputed parcel.[4]

Smith based her motion for summary judgment in part on the affidavit of Roy

1. Bob Krebs had died in 1982.

2. Howard Smith had quitclaimed his interest in Lot 8 to Shirley Smith in 1982.

3. "Alaska has two adverse possession statutes. Under AS 09.25.050 the statutory period is seven years when the possession is accompanied by a claim and color of title. In other cases, under AS 09.10.030 the statutory period is ten years." *Hubbard*, 684 P.2d at 847 (footnotes omitted).

4. The applicable standard of review in a case involving an appeal from a grant of summary judgment is *de novo. Grand v. Municipality of Anchorage*, 753 P.2d 141, 143 n. 3 (Alaska 1988). The trial court's grant of summary judgment will be affirmed only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Id.* The burden is on the moving party to show that there is no issue as to any material fact, *Alaska Rent–A–Car, Inc. v. Ford Motor Co.*, 526 P.2d 1136, 1138 (Alaska 1974), and the court is required to draw all reasonable inferences in favor of the non-moving party and against the movant. *Clabaugh v. Bottcher*, 545 P.2d 172, 175 n. 5 (Alaska 1976).

Musgrove. In his affidavit, Roy Musgrove stated:

3. I remember the building of the meathouse in 1960.

3. [sic] At that time I would have been 14 years of age.

5. It was stated at that time that, although the meathouse was on our land, Mr. Krebs would be using it.

6. Although I cannot remember if Mr. Krebs made the statement that it was on our land, he did not disagree with it in any event.

7. I cannot remember Mr. Krebs, at any time, claiming to own the land upon which the meathouse was built.[5]

Krebs' cross-motion for summary judgment was supported by the affidavit of Theta Musgrove, in which she stated that the Krebses had been using the land as their own since 1954 and that "everyone understood that it was theirs." Theta Musgrove also declared that she and her husband had never given the Krebses permission to use any portion of Lot 8 because they believed that the Krebses owned the disputed parcel.

The issue that was presented to the superior court by these motions for summary judgment was whether the Krebses' possession of any portion of Lot 8 was actually "hostile" or permissive. In determining whether the element of hostility has been satisfied, we have adopted an objective test. *Peters v. Juneau–Douglas Girl Scout Council*, 519 P.2d 826, 832 (Alaska 1974). The determinative question "is whether or not the claimant acted toward the land as if he owned it." *Id.* However, the hostility requirement is not satisfied if the adverse claimant has the record owner's permission to use the property. *Penn v. Ivey*, 615 P.2d 1, 3 (Alaska 1980). There is a presumption that one who possesses or uses another's property does so with the owner's permission. *Peters*, 519 P.2d at 833. The adverse claimant may rebut this presumption by showing that he was not on the owner's land with permission, and that the record owner could have ejected him. *Id.*

In our view, the affidavit of Roy Musgrove raises a genuine issue of material fact which goes to the issue of whether the Krebses' use of the disputed parcel was permissive. Given the existence of this genuine issue of material fact, the superior court inappropriately granted Krebs' motion for summary judgment.[6]

The judgment of the superior court is REVERSED and the matter REMANDED to the superior court for further proceedings not inconsistent with this opinion.[7]

---

5. The affidavit of Howard Smith pertained to events occurring in 1973 and later. The apparent purpose of the Smith affidavit was to demonstrate that, in 1973, Bob Krebs (now deceased) had admitted that he was encroaching on the Smiths' property.

6. On the other hand, Theta Musgrove's affidavit is sufficient to preclude the grant of summary judgment in Smith's favor. In her affidavit, Theta Musgrove stated in part: "Neither my husband nor I ever gave the Krebses permission to use any portion of Government Lot 8." This affidavit gives emphasis to our conclusion that there exists on this record a genuine issue of material fact concerning whether or not the Krebses' use of the disputed parcel was permissive. As noted previously, it is this dispute which rendered disposition of the question inappropriate for summary judgment.

7. We recognize that Roy Musgrove's affidavit addresses only that portion of the disputed parcel upon which the meathouse sits. Smith offered no evidence that the use of the driveway was permissive. Thus, it could be argued that title to at least the driveway would have automatically passed to the Krebses in 1964.

Given our determination that the superior court's grant of summary judgment must be reversed, we further conclude that the issue of the legal status of the driveway should be decided after a full hearing on the merits. As the record now stands, an ambiguity exists as to the status of the driveway.

Our reversal of the superior court's grant of summary judgment in favor of Krebs makes it unnecessary for us to address any other issue which has been raised in this appeal.